C. F. Trapp, Defendant in Error, v. St. John's Baptist Church, Plaintiff in Error.

### Gen. No. 17,250.

1. CORPORATIONS—*de facto corporation liable for rent.* Where a church leases and occupies a building between the time of its organization and the recording of affidavit as required by sections 35 and 36 of the Corporation Act, it is liable for the rent.

2. CORPORATIONS—*de facto until statute is complied with.* A church having elected officers and conducting services is a *de facto* corporation, and becomes a *de jure* corporation upon recording an affidavit in compliance with sections 35 and 36 of the Corporation Act.

Error to the Municipal Court of Chicago; the HON. GEORGE B. WATKINS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed November 7, 1912.

JAMES E. WHITE, for plaintiff in error.

CRATTY BROTHERS and CHARLES HUDSON, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This writ of error is prosecuted to reverse a judgment of the Municipal Court of Chicago for $240, entered November 22, 1910, against St. John's Baptist Church, plaintiff in error and hereinafter called the Church, and in favor of C. F. Trapp, defendant in error and hereinafter called plaintiff.

Plaintiff's claim was for balance due for rent, for the use and occupation of premises known as 3802 Armour Avenue, Chicago, from June 1, 1904, to April 30, 1908, a period of three years and eleven months, at sixteen dollars per month, amounting to $752, of which sum $512 had been paid, leaving a balance due of $240. Prior to the commencement of plaintiff's suit (July 12, 1910), the defendant became fully organized as a religious corporation, under the provisions of sections 35 and 36 of the Corporation Act, by the filing of the following affidavit on February 20, 1909, in the office of the recorder of deeds of Cook county, Illinois:

"I, Forrest A. McCoo, do solemnly swear that at a meeting of the members of the St. John's Baptist Church held in the City of Chicago, * * * on the 25th day of April, 1904, for that purpose, the following persons were elected officers, viz.: William Dunnington and Berry Taylor, deacons, M. E. Burr, secretary, according to the rules and usages of such church, and said church adopted as its corporate name 'St. John's Baptist Church,' and at this meeting this affiant acted as chairman.

FORREST A. McCOO.

Subscribed and sworn to before me, this 17th day of February, A. D. 1909.

FRANK W. HOYT,
(Seal)                         Notary Public."

The defense of the Church to plaintiff's claim, as disclosed from the affidavit of merits of one of its trustees, was that the Church was not a corporation and had no legal existence during the said period from

June 1, 1904, to April 30, 1908; that the Church had made no contract or lease with plaintiff for the premises and that the premises during said period had been leased and rented by another person. It is to be noticed that although said affidavit was not filed with the recorder of deeds until February 20, 1909, it states that on April 25, 1904, the Church elected officers and adopted a corporate name. The evidence tends to show that said Forrest A. McCoo, as minister of the congregation, subsequent, to said meeting of April 25th, 1904, rented the premises for church purposes; that during all of said period from June 1, 1904, to April 30, 1908, the premises were used and occupied by the Church for church purposes, and that from April 25, 1904, until February 20, 1909, the Church was a religious corporation *de facto,* and that on said last-mentioned date it became a religious corporation *de jure.*

We do not deem it necessary to discuss the various points made by counsel for the Church in his brief and argument as grounds for a reversal of the judgment. Suffice it to say that after careful consideration we are of the opinion that under the facts presented by this record the judgment of the trial court should be and it is affirmed.

*Affirmed.*